**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

FRANKLIN D. HARRIS JR., et al.,

    Appellants,

v.

DANIEL COOLEY, et. al,

    Appellees.

Case No. 1:18-cv-712

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On October 9, 2018, Appellants Franklin D. Harris, Jr. and Gwendolyn G. Harris, proceeding pro se and seeking to proceed *in forma pauperis*,[1] filed an elective Notice of Appeal from an order of the U.S. Bankruptcy Court dismissing their Adversary Proceeding against Daniel Cooley and Kaylay Cooley. On the same date, the Harris Appellants filed a Memorandum setting forth the basis for their appeal.[2]

Pursuant to local practice, this case has been referred to the undersigned magistrate judge for initial consideration and a report and recommendation. For the reasons stated, the undersigned now recommends that the Order and Judgment of the Bankruptcy Court be **AFFIRMED** and that the appeal be **DISMISSED**.

---

[1] Ordinarily, a motion seeking to proceed *in forma pauperis* on appeal from Bankruptcy Court is ruled on by that court. The record does not reflect any ruling on the motion. However, assuming that this Court would have concurrent jurisdiction to rule, and considering both the Appellants' bankruptcy and prior approval by this court to proceed *in forma pauperis* in Case No. 1:17-cv-540, the undersigned has entered a separate order granting Appellants' motion to proceed without payment of a filing fee.

[2] No further briefing is required to resolve this appeal because the only other parties to the Adversary Proceedings, the Cooleys (Appellees herein), have never appeared.

## I. Factual and Procedural Background

On July 7, 2015, Franklin D. Harris, Jr. and Gwendolyn G. Harris, ("Debtors"), through counsel, filed a Chapter 13 case in the Bankruptcy Court for the Southern District of Ohio, Western Division at Cincinnati. (Case No. 15-bk-12647, Doc. 1). At the time that the Harrises filed for bankruptcy protection, they jointly held a property interest in a single-family residence located at 1925 Timmonds Avenue in Portsmouth, Ohio. They identified secured creditors with an interest in that real property as including the bank that held a mortgage on the property, and the Scioto County Treasurer. At the time of filing, the Debtors identified no contingent property claims or any other disputes that might relate to their residential real property. (Doc. 3-5, Trustee Report at 2, citing Schedules A, B, and D to petition in Case No. 15-bk-12647).[3] No arrearage on the mortgage was asserted and the unpaid portion of the mortgage on the property was to survive discharge. The plan also provided for the Trustee to pay the real estate taxes in full as a liquidated claim.

In Schedule C to their bankruptcy petition, the Harris Debtors asserted the "homestead exemption" for their residence under Ohio law. No creditor or claimant challenged the assertion of the homestead exemption or sought abandonment of the property. Indeed, the real property interest of the Debtors suggested no other claims against the property, and the Trustee determined that the Debtors had sufficient equity in their home such that the mortgage debt would not be reached. (Doc. 3-5 at 3). The Harris Debtors' underlying Chapter 13 plan was confirmed by the assigned Bankruptcy

---

[3] Unless specifically noted to refer to state court or bankruptcy court cases, Docket ("Doc.") references are to the above captioned case.

Judge on September 9, 2015.[4] Following confirmation of the Chapter 13 plan, title to their real property revested in the Debtors.

Eight months *after* the Debtors' Chapter 13 plan was approved, in May 2016, Daniel Cooley and Kaylay Cooley moved into the residence next door. According to a report of the Trustee, the Cooleys apparently took title to their new home subject to a dispute concerning the boundary line between the Debtors' and the Cooleys' property. (Doc. 3-5 at 4). The focus of the boundary dispute is on a fence between the properties. Approximately a year later, on May 24, 2017, the Cooleys filed suit against Plaintiffs in Scioto County State Court in order to resolve the boundary dispute. *See Cooley v. Harris*, Scioto County Court of Common Pleas Case No. 17CIH00071

The Harris Debtors responded pro se in state court by alerting that court to the pre-existing bankruptcy case, and related automatic stay provisions. The Harris Debtors also filed a motion for contempt of court in their underlying bankruptcy case, Case No. 15-bk-12647, which they later withdrew after the state court stayed its proceedings in accordance with the bankruptcy code's automatic stay.

In addition, on August 16, 2017, the Harrises filed a new pro se complaint in this Court, alleging that Daniel Cooley, Kaylay Cooley, and a third individual who resides with the Cooleys in the same residence, all violated the Fair Housing Act by engaging in racially discriminatory harassment and/or interference with the Harris's property rights. *See Harris v. Cooley*, Case No. 1:17-cv-540. By separate Report and Recommendation filed this day, the undersigned has recommended the dismissal of Plaintiffs' Fair Housing Act case for failure to state any claim and for lack of federal subject matter jurisdiction.

---

[4] Initially assigned to Bankruptcy Judge Perlman, the matter was reassigned to Chief Bankruptcy Judge Hopkins after Judge Perlman's retirement.

Relevant to the appeal from an order of the bankruptcy court that provides the basis for the above-captioned case, on August 30, 2017, Debtors initiated a new proceeding in bankruptcy court by filing a pro se complaint for an Adversary Proceeding, Case No. 17-ap-1041, against Daniel Cooley and Kaylay Cooley. The Adversary Proceeding complaint contains several claims, including a claim that the Harris Debtors obtained rights to the disputed fence and property through the state court doctrine of "adverse possession," which doctrine allegedly applied prior to the date that the Cooleys purchased their residence.

The Cooleys failed to respond to the Debtors' complaint in the Adversary Proceeding. Soon after the Cooleys failed to appear, the Harris Debtors filed their first motion for default. The bankruptcy court denied that motion without prejudice on November 13, 2017 on grounds that Federal Rule of Bankruptcy Procedure 55(b)(1) "only permits clerks to enter default judgments that contain a sum certain." (Doc. 3-10). The Harris Debtors subsequently filed a new motion for default judgment on August 8, 2018. (Doc. 3-13). However, on September 24, 2018, the bankruptcy court dismissed the Adversary Proceeding in its entirety without separately ruling on any pending motions. (Doc. 1-1; *see also* Doc. 21 in Bankr. Case No 15-ap-12647). In its Order dismissing the Adversary Proceeding, the bankruptcy court applied the doctrine of permissive abstention and held that the pre-existing state court case was the most appropriate venue in which to resolve the boundary dispute and any related claims, including but not limited to the "adverse possession" claims presented in the Adversary Proceeding. (*Id.*)

On appeal, the Harris Debtors argue that this Court should reverse the bankruptcy court and remand for entry of judgment in their favor. The undersigned finds no error,

4

and therefore recommends affirming the order of the bankruptcy court and dismissing this appeal.

## II. Analysis

### A. Jurisdiction and Standard of Review

A bankruptcy court's final order may be appealed to a district court as of right pursuant to 28 U.S.C. § 158(a)(1). On the record presented, the bankruptcy court's order dismissing the adversary proceeding pursuant to the doctrine of permissive abstention is considered to be a final order. *Columbiana Cty. School Employees Credit Union, Inc. v. Cook (In re Cook)*, 342 B.R. 384, 2006 WL 908600 (6th BAP April 3, 2016) (table decision) (additional citation omitted); *see also McDaniel v. ABN Amro Mortg. Group*, 364 B.R. 644 (S.D. Ohio 2007) (holding that order voluntarily abstaining from adversary proceeding was final order); *In re Romano*, 2017 WL 395289 at *3 (E.D. Mich. Jan. 30, 2017) (explaining that order that grants abstention constitutes a "final order, appealable as a matter of right" to a district court, whereas an order that denies abstention is considered to be interlocutory and not final).

On appeal, this Court reviews the bankruptcy court's decision to permissibly abstain under 28 U.S.C. § 1334(c)(1) under the abuse of discretion standard.

> An abuse of discretion occurs when the reviewing court is left with the "definite and firm conviction that the [bankruptcy] court ... committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors" or "where it improperly applies the law or uses an erroneous legal standard." *United States v. Haywood,* 280 F.3d 715, 720 (6th Cir.2002) (quoting *Huey v. Stine,* 230 F.3d 226, 228 (6th Cir.2000)).

*McDaniel*, 364 B.R. at 650; *see also Antioch Co. Litigation Trust v. Harman*, 438 B.R. 598, 603 (S.D. Ohio 2010) (Black, J., affirming bankruptcy court's decision to permissively abstain after setting forth applicable abuse of discretion standard).

5

## B. The Bankruptcy Court Did Not Abuse Its Discretion

Applying the relevant standard, the undersigned finds no abuse of discretion in the bankruptcy court's *sua sponte* decision to permissibly abstain from the issues presented in the Adversary Proceeding. In a report initially solicited by this Court in Case No. 1:17-cv-540, but later filed in the state court case as well as in bankruptcy court, the Trustee noted the existence of the multiple proceedings relating to the same boundary dispute, observing: "The question now before the Bankruptcy Court, the U.S. District Court, and Scioto Common Pleas is which court is the proper venue for consideration of the Harris claims against the Cooleys, and where the Cooleys' property questions should be decided." (Doc. 3-5 at 6).

The bankruptcy court's decision to invoke the doctrine of permissible abstention addresses that question head-on, resolving it in favor of venue in the state court. In his Order, Chief Bankruptcy Judge Hopkins first described the substance of the complaint filed by the Harris Debtors in the Adversary Proceeding:

> The Plaintiffs and Defendants are next door neighbors. The Complaint appears to allege the Plaintiffs are entitled to adverse possession of a fence which separates their property form the Defendants' property. This same dispute is apparently also pending in an Ohio state court proceeding. Additionally, the Plaintiffs seek an injunction from this Court against the Defendants to prevent damage to the Plaintiffs' residence. Finally, the Plaintiffs seek a declaratory judgment which would void any findings by the state court that would arguably grant to the Defendants ownership of the disputed fence. The Defendants have not answered or otherwise responded to the Complaint.

(Doc. 1 at 5) (internal footnotes omitted).

Judge Hopkins next explained the basis for his decision to permissibly abstain from the issues presented:

6

> As for the adverse possession claim, it is apparent that the appropriate venue for that dispute is in state court. Adverse possession is a creature of state common law and is generally disfavored. *See Grace v. Koch*, 692 N.E.2d 1009, 101112 (Ohio 1998). Indeed, adverse possession claims require the more rigorous "clear and convincing" standard rather than the more forgiving "preponderance of the evidence" standard. *See id.* at 1012. Given that background, this Court must consider whether abstention is appropriate.

(*Id.* at 7).

Judge Hopkins considered a list of thirteen factors under 28 U.S.C. §1332(c)(1), which permits abstention "in the interest of justice, or in the interest of comity with State courts or respect for state law." In concluding that those factors favored application of permissive abstention, Judge Hopkins reasoned:

> It is clear from the record in this case that the adverse possession claim will have no effect on the administration of this bankruptcy case. The Defendants are not creditors of this estate. The property at issue is not being used to pay any portion of the chapter 13 plan. Furthermore, the adverse possession claim in this case, which is already pending in the state court, dominates over any tangentially related bankruptcy matters. Additionally, the litigants are entitled to trial by jury on the adverse possession claim…. Finally, the Court notes the chapter 13 trustee in this matter has noted, and this Court agrees, that the estate "has no reach to take control of the claims Harris claims to have against the Cooleys" because the claims arose post-confirmation…. As such, there is nothing mandating that this matter be decided by this [Bankruptcy] Court, and the countervailing interests overwhelmingly direct that the matter is better addressed in state court.

(Doc. 1 at 7-8). Notwithstanding the Harris Debtor-Appellants' arguments to the contrary, the undersigned finds no error in the reasoning of the bankruptcy court, and no abuse of discretion under controlling case law.

"Although abstention from the exercise of federal jurisdiction is the exception rather than the rule…, the decision to do so is 'in the sound discretion of the bankruptcy judge and can be raised *sua sponte* as long as the parties have an opportunity be heard." *In re*

7

*Dayton Title Agency, Inc.*, 304 B.R. 323, 329 (Bankr. S.D. Ohio 2004) (quoting *In re Underwood*, 299 B.R. 471, 476 (Bankr. S.D. Ohio 2003)). The non-exhaustive list of factors to be considered, specifically cited by the bankruptcy court, include:

> (1) the effect or lack of effect on the efficient administration of the estate if the court abstains;
>
> (2) the extent to which state law issues predominate over bankruptcy issues;
>
> (3) the difficulty or unsettled nature of the applicable state law;
>
> (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;
>
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
>
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
>
> (7) the substance rather than the form of an asserted "core" proceeding;
>
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
>
> (9) the burden of this court's docket;
>
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
>
> (11) the existence of a right to a jury trial;
>
> (12) the presence in the proceeding of nondebtor parties; and
>
> (13) any unusual or other significant factors.

*In re Dayton Title Agency, Inc.*, 304 B.R. at 329–30 (additional citations omitted).

This Court must defer to the bankruptcy court's exercise of discretion in the absence of a clear error of judgment or a clear error of law. In an example of the rare case in which permissive abstention was deemed an abuse of discretion, *McDaniel v.*

8

*ABN AMRO Mortg. Group*, the Debtor demanded damages and sought rescission of a mortgage loan based upon alleged predatory lending practices that included errors in calculations and disclosures at the loan closing. Unlike the case presented, the mortgagor in *McDaniel* had filed a proof of claim, such that the claims presented in the adversary proceeding had "a substantial bearing on McDaniel's debts." *Id*. at 648. Also unlike the case presented, nearly all of the relevant factors, including the complete absence of any related state court proceeding and that the adversary proceeding revolved around issues of federal law rather than state law, disfavored abstention. "The abstention doctrine appears to apply to situations where state-law issues dominate or where claims have been filed in a state court. Neither of these situations exist here…." *Id*. at 655. In fact, in *McDaniel* the *only* factor that ostensibly favored abstention was the bankruptcy court's reference to its own heavy docket. This Court reversed the abstention order after finding that single factor to be insufficient as a matter of law, when contrasted with the overwhelming remainder of factors that disfavored abstention. *Id.* at 655-656.

In contrast to the unusual facts of *McDaniel*, this case involves both a predominance of state law issues and existing state court litigation over the property line dispute. Similar to *In re Dayton* and other cases in which permissive abstention has been applied, nearly all thirteen factors favor abstention here. There is no basis for bankruptcy court jurisdiction over the property line dispute outside of section 1334, the negative effect on the administration of the estate would be minimal because the homestead exception applies, the Cooleys are not creditors and are nondebtor parties, and the disputed residential property is not being used to pay any creditor claims. In addition, the degree of relatedness to the main bankruptcy case is remote, a more appropriate venue in state

9

court exists, the burden on the bankruptcy court could be significant, and the Cooleys have the right to a jury trial on the adverse possession claim.  In short, the bankruptcy court's stated reasons for dismissal of the Adversary Proceeding under the doctrine of abstention reflect neither an error of judgment nor an error of law.

### C. None of the Asserted Errors Provide Grounds to Reverse

Appellants fail to acknowledge the applicable "abuse of discretion" standard of review, instead simply setting forth five claims of error:  (1) the bankruptcy court erred by failing to rule on pending motions, including a motion for default judgment in the Adversary Proceeding; (2) the bankruptcy court erred by abstaining from a "core proceeding";  (3) the bankruptcy court erred by failing to hold that the adverse possession claim arose "pre-petition" and that the disputed property was part of the Debtors' estate; (4) the bankruptcy court erred by failing to enforce the automatic stay provisions; (5) the bankruptcy court erred by failing to issue Findings of Fact and Conclusions of Law.   (*See* Doc. 2-4 at 8-17).  None of the asserted errors provides grounds for reversal.

Appellants' first and fifth assertions of error are procedural in nature.  Appellants first complain that the bankruptcy court failed to rule on their pending motion for default judgment, as well as related pending motions. (Doc. 2-4 at 4, arguing it was error "for the US Bankruptcy Court Judge to not make a ruling upon Appellants ['] numerous **PENDING** Motions." (emphasis original).  However, once the bankruptcy court held that dismissal under the doctrine of permissive abstention was appropriate, all pending motions were rendered moot.  No separate ruling to that effect was required in light of the final order of dismissal.

In their fifth claim, Appellants argue that the bankruptcy court was wrong not to file

10

findings of fact and conclusions of law in lieu of a final order. (Doc. 2-4 at 16-17). Bankruptcy judges have the power to enter final orders in core proceedings "arising in" or "arising under" Title 11. *See In re Statewide Pools, Inc.*, 126 B.R. 877, 880 (Bankr. S.D. Ohio 1991). Otherwise, a bankruptcy judge who is hearing a non-core proceeding that is "related to a case under title 11" is to "submit proposed findings of fact and conclusions of law to the district court." 28 U.S.C. § 157(c)(1). Pursuant to § 157(c)(2), however, a district court may, with the consent of the parties, refer any proceeding "related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments." *Id.* The Southern District of Ohio has provided for the referral of all proceedings over which the bankruptcy court may exercise jurisdiction. See 28 U.S.C. § 157(a). The Harris Debtors consented to that jurisdiction when they filed their Adversary Proceeding. *Accord McDaniel*, 364 B.R. at 648 (noting consent to determination of adversary claim, and priority of entry of a final order on permissive abstention); *see also In re Nationwide Roofing & Sheet Metal, Inc.*, 130 B.R. at 777 (explaining that amended statutory provisions provide for bankruptcy courts to enter final orders in connection with abstention determinations, subject to review in the district court). Therefore, the undersigned finds no error in the bankruptcy court's entry of a final order.

Appellants' second and third claims, though somewhat difficult to follow, appear closely related. In their second claim, Appellants contend that their Adversary Proceeding should have been considered a "core proceeding" because it concerns "estate property." Appellants argue that they initiated the Adverse Proceeding in order to assert an affirmative defense of the statute of limitations to any ownership claim by the Cooleys in the disputed property. Appellants maintain they acquired title through the doctrine of

adverse possession not later than 2012, approximately four years before the Cooleys moved in and first asserted their claim. In their third claim of error on appeal, Appellants argue that the bankruptcy court should have considered the dispute to involve "pre-petition property." Based on the timing of their alleged (pre-petition) adverse possession of the disputed property under Ohio law, Appellants seem to be arguing that the bankruptcy court erred in describing the property line dispute as a "post-petition" claim.

Appellants' third claim of error improperly conflates the timing of the post-petition emergence of the Cooleys' claim with the Harris's alleged pre-petition acquisition of property rights under Ohio law. The alleged "pre-petition" property rights were asserted only as a defense to the Cooleys' clearly post-petition claim.[5] Considering the definitions of core and non-core proceedings, the undersigned also rejects Appellants' second claim that the property line dispute should be considered a core proceeding rather than a non-core proceeding that is (at most) "related to a case under title 11." 28 U.S.C. § 157(a).[6] *See In re Dayton Title Agency, Inc.*, 304 B.R. at 327-328 (holding state law fraud claims by debtors against non-parties in adversary proceeding were non-core, even though debtor consistently listed its claims against the defendants and indicated that claims were an integral part of its bankruptcy case); *accord Antioch Co. Litigation Trust*, 434 B.R. at 611 (agreeing that non-core matters were predominant, and holding that "[t]he presence

---

[5] In support of this assertion of error, Appellants also delve into the substantive elements of "adverse possession" under Ohio law. (*See, e.g.*, Doc. 2-4 at 13-14).

[6] Section 157 describes the two types of bankruptcy court jurisdiction: core and non-core proceedings. *See* 28 U.S.C. § 157. Core proceedings include those specifically listed in 28 U.S.C. § 157(b)(2), and generally are limited to substantive rights created by bankruptcy law. "[G]enerally if a proceeding 'does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy, then it is not a core proceeding.'" *In re Dayton Title*, 304 B.R. at 328 (quoting *In re Wolverine Radio Company*, 930 F.2d 1132, 1144 (6th Cir. 1991)(additional citation omitted); *see also In re Nationwide Roofing & Sheet Metal, Inc.*, 130 B.R. 768, 774-775 (Bankr. S.D. Ohio 1991) (holding that state law claims presented in adversary proceeding fell within definition of non-core proceeding, additional citations omitted).

of non-debtor parties to this action …weighs heavily in favor of abstention").

In any event, the bankruptcy court's characterization of the property line dispute as a "post-petition" claim and its implicit suggestion that the issues presented constitute a non-core proceeding do not offer any basis for reversal of the abstention order.[7] Even if the issues presented in the Adversary Proceeding were deemed to be a core proceeding, the undersigned would still recommend affirming the bankruptcy court's order. The application of permissive abstention does not depend on whether a proceeding is core or non-core, or whether it involves a pre-petition or post-petition claim. *In re Dayton Title Agency*, 304 B.R at 329 (citing *In re Underwood*, 299 B.R. 471 476 (Bankr. S.D. Ohio 2003) for proposition that permissive abstention applies to both core and non-core proceedings); *Matter of Tremaine*, 188 B.R. 380, 384 (Bankr. S.D. Ohio 1995) (concluding that court should abstain from core proceeding related to dischargeability of divorce decree debt).[8]

The undersigned rejects Appellants' final claim – that the bankruptcy court should be reversed for failing to enforce the automatic stay – because it is contradicted by the record. Appellants maintain that the bankruptcy court has failed to adequately enforce the automatic stay provisions because its abstention order allows the Cooleys to proceed with the property line claims in state court. Appellants assert that the bankruptcy court "terminated the Automatic Stay in the State Court" without adequate notice. (Doc. 2-4 at 16). Contrary to that assertion, the bankruptcy court's September 24, 2018 order

---

[7] The bankruptcy court's order did not explicitly define the matter as either a core or non-core proceeding, although its analysis strongly implies that the matter was considered to be a non-core proceeding.

[8] It is worth noting that mandatory abstention under 28 U.S.C. § 1334(c)(2) also might apply because the state court case was initiated prior to the commencement of the Adversary Proceeding. *Contrast In re Dayton*, 304 B.R. at 329 (finding that mandatory abstention did not apply because no state court lawsuit had been commenced prior to the filing of the adversary proceeding).

expressly recognizes that the automatic stay remains in full effect.  As of the date of this Report and Recommendation, the state court record also reflects the continuation of the stay.

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** the bankruptcy courts' order of abstention be **AFFIRMED** and that this appeal of that order be **DISMISSED**.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

FRANKLIN DAVID HARRIS JR., et al.,

    Appellants,

v.

DANIEL COOLEY, et. al,

    Appellees.

Case No. 1:18-cv-712

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).