# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| FRANKLIN D. HARRIS, JR., *et al.*, | : | Case No. 1:18-cv-712 |
| Plaintiffs, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| DANIEL COOLEY, *et al.*, | : | |
| Defendants. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 6)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on April 11, 2019, submitted a Report and Recommendation. (Doc. 6). Plaintiffs filed objections on April 25, 2019. (Doc. 7).

After reviewing the Report and Recommendation and Plaintiffs' objections, the Court finds that Plaintiffs' objections are not well-taken. Plaintiffs fail to identify any specific error in the Magistrate Judge's findings, and instead repeat the arguments made on appeal from the bankruptcy court's decision. (Doc. 7). For example, Plaintiffs assert that they "continue to argue" that the adversary case involving the border dispute involved "bankruptcy estate property," and also re-assert that the bankruptcy court should have ruled on Plaintiffs' pending motions. (*Id.* at 5, 22). These arguments were thoroughly and correctly rejected by the Magistrate Judge. Much of the space in Plaintiffs' objections is used to assert that the bankruptcy court was obligated to hear

their adversary case, since it was filed for the purpose of asserting a statute of limitations defense as to any ownership claim by the Cooleys in the disputed property. (*See Id.* at 6). In support of this argument Plaintiffs cite to *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1417-18 (2017), where the Supreme Court stated that "[a]s in ordinary civil cases, a debtor in a Chapter 13 bankruptcy proceeding is entitled to have dismissed any claim filed against his estate that is barred by the Statute of Limitations." (*Id.*). However, this argument is meritless, as a bankruptcy court's obligation to dismiss a time-barred claim against an estate does not diminish the court's discretion to abstain from hearing a claim in its entirety pursuant to the doctrine of permissive abstention.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that Plaintiffs' objections (Doc. 7) should be and are hereby **OVERULED** and the Report and Recommendation (Doc. 6) should be and is hereby **ADOPTED** in its entirety.

Accordingly, for the reasons stated above:

1) The bankruptcy court's decision is **AFFIRMED**;

2) The Clerk shall enter judgment accordingly, whereupon this appeal is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date: 9/29/2019 　　　　　　　　　　　　　　　　　*/s/ Timothy S. Black*
　　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge