**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

FRANKLIN DAVID HARRIS JR., et al.,

    Plaintiffs,

v.

DANIEL COOLEY, et. al,

    Defendants.

Case No. 1:18-cv-712

Black, J.
Bowman, M.J.

## MEMORANDUM OPINION AND ORDER

Pursuant to local practice, this appeal from the bankruptcy court was referred to the undersigned magistrate judge. On April 11, 2019, the undersigned recommended that the bankruptcy court's order of abstention be affirmed and that the appeal of that order be dismissed. (Doc. 6, Report and Recommendation ("R&R")). Over Plaintiffs' objections, the presiding district judge adopted the R&R and dismissed this case on September 29, 2019. (Doc. 9). On October 30, 2019, Plaintiffs filed a notice of appeal as well as two separate motions seeking leave to appeal *in forma pauperis*. (Docs. 12-13). On November 13, 2019, the undersigned granted those motions, but noted that the Court was expressing "no opinion on the timeliness of the Plaintiffs' Notice of Appeal." (Doc. 16 at n.1). Just before the Court entered its last Order, Plaintiffs had filed a motion to extend the time in which to file their appeal. (Doc. 14). That motion will now be granted for good cause shown.

In addition to the motion to extend the time for filing their appeal, Plaintiffs have filed a motion seeking "correction or modification of the record" on appeal under Federal

Rule of Appellate Procedure 10(e)(2)(B). The referenced Rule allows the trial court to supplement the record on appeal only if a "material" item is "omitted from or misstated in the record by error or accident." *Id.* The rule has no application here, where there was no mistake or omission by this Court.

Plaintiffs' motion seeks the addition of a copy of a related state court complaint. However, Plaintiffs' motion admits that the referenced state court pleading was never included in the record considered by this Court. Plaintiffs explain that they seek the addition of the state court pleading to the *appellate* record so that "[t]he Sixth Circuit Judges can read and see the Cooley State Complaint to see if the Cooley State Complaint is a basis …to dismiss" Plaintiffs' adversary proceeding. (Doc. 17 at 7).

Federal Rule of Appellate Procedure Rule 10(e) does not allow the addition of records that were not before this Court and is not intended "to enable the losing party to add new material to the record in order to collaterally attack the trial court's judgment." *United States v. Elizalde-Adame*, 262 F.3d 637, 641 (7th Cir. 2001). Therefore, the undersigned will deny this frivolous motion.

This Court affirmed the bankruptcy court's dismissal of an adversary proceeding under the doctrine of permissive abstention, concluding that the bankruptcy court did not abuse its discretion in applying that doctrine. In their current motion seeking to expand the record for purposes of their appeal, Plaintiffs continue to argue that the bankruptcy court made the wrong decision in applying permissive abstention, based upon Plaintiffs' view that the Cooleys' state court complaint is barred by the applicable statute of limitations. However, the issue of whether the related state court complaint is or is not

time-barred was not "material" to this Court's affirmance of the bankruptcy court's decision. In adopting the R&R and affirming the bankruptcy court's application of the permissive abstention doctrine, Judge Black rejected Plaintiffs' argument that the state court suit against them was time-barred as "meritless." Judge Black explained that the issue was simply not relevant to this Court's determination of whether the bankruptcy court had properly exercised permissive abstention. "[A] bankruptcy court's obligation to dismiss a time barred claim against an estate does not diminish the court's discretion to abstain from hearing a claim in its entirety pursuant to the doctrine of permissive abstention." (Doc. 9 at 2).

Accordingly, **IT IS ORDERED:**

1. Plaintiffs' motion to extend the time for appeal (Doc. 14) is **GRANTED**, with the Notice of Appeal deemed to have been timely filed;

2. Plaintiffs' motion to expand the record to include a state court pleading not reviewed by this Court (Doc. 17) is **DENIED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge